IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

McHUGH, INC.,

      Appellant,

V.

CASE NO. C2-12-061
JUDGE EDMUND A. SARGUS, JR.

JAMES V. WARD,

      Appellee.

McHUGH, INC.,

      Appellant,

V.

CASE NO. C2-12-062
JUDGE EDMUND A. SARGUS, JR.

EDWARD C. THOMPSON, JR.

      Appellee.

## OPINION AND ORDER

This case is an appeal brought by McHugh, Inc. ("McHugh") pursuant to 28 U.S.C. § 158(a) and (b). The Bankruptcy Judge found that the debtors, Edward C. Thompson and James V. Ward were entitled to a discharge of debts owed to McHugh. Thereafter, McHugh sought to appeal the final judgment of the Bankruptcy Court. For the reasons that follow, the final judgment of the Bankruptcy Court, as well as its decision denying an extension of time to file a notice of appeal, is affirmed.

I.

The underlying facts of this appeal are not in dispute. The debtors owned and operated several automobile sales and leasing companies. After the companies failed, McHugh sought to collect on a debt by pursuing the debtors, who had filed for relief under the bankruptcy law. McHugh sought an order from the Bankruptcy Court that the debts it was owed were not dischargeable under 11 U.S.C. § 523(9)(2)(A), (a)(4) and/or (a)(6). The Bankruptcy Court concluded that the relief sought by McHugh was unsupported by the evidence and thereafter issued final judgment.

Pertinent to this appeal is the course of events following rendition of the final judgment.

1.  On September 28, 2011, the Bankruptcy Court issued its Findings of Fact, Conclusions of Law and Memorandum Opinion. (Doc. 25). By separate order issued the same day, the Bankruptcy Judge issued a final judgment. (Doc. 26)

2.  Through the electronic filing system utilized by the Bankruptcy Court, electronic service of the Opinion and Final Judgment occurred the next day, on September 29, 2011. There is no contention that electronic service of these documents did not occur.

3.  On October 2, 2011, the Clerk of the Bankruptcy Court filed on the electronic system a copy of the final judgment previously issued and served electronically on September 29, 2011. (Doc. 28) The Court's docket described this filing as "BNC Certificate of Mailing." The entry reflects that, in addition to electronic service of the Opinion and Order, the Appellant's counsel was also mailed the same document three days later.

4.  The Appellant's counsel mistakenly assumed the date from which the time to appeal would run began on October 2, 2011, the date that the regular mail service was noted, rather than September 29, 2011, the date the Opinion and Final Judgment was entered and electronically served.

The Appellant filed a Notice of Appeal on October 16, 2011, which the electronic filing system indicated was beyond the fourteen day period in which to appeal. Rule 8002(a) Fed. Rules of Bankruptcy Procedures. Following further inquiry, the Appellant then timely moved under Rule 8002(c)(2) for an extension of time to file the Notice of Appeal, asserting that the failure to file within the fourteen day appeal period was due to "excusable neglect."

The Bankruptcy Court found that the reliance upon the imaged certificate of service by mail by Appellant's counsel was not excusable neglect. The motion to extend the time of appeal was denied. This appeal followed.

## II.

This Court sits in an appellate capacity as to the issues raised by the Appellant. The two issues presented are the following:

   I.  Did the Bankruptcy Court Err in Failing to Find
       That Excusable Neglect Existed Sufficient to Grant
       a Motion for Extension of Time to File a Notice of
       Appeal One Day Late.

   II. Did the Bankruptcy Court Abuse Its Discretion in
       Failing to Consider All of the Factors Required by
       the United States Supreme Court Case of Pioneer
       Investment Services Co. V. Brunswick Assoc. Ltd.
       Partnership in Determining Whether Excusable
       Neglect Was Shown.

3

As to both assignments of error, this Court reviews the decisions of the district court for abuse of discretion. *Baker v. Raulie*, 829 F.2d 1396, 1399 (6th Cir. 1989). The decision of the Bankruptcy Court may be reversed only if the court "relied upon clearly erroneous facts, improperly applied the governing law, or used an erroneous legal standard." *Crehan v. Ying Ly*, No. 06-8095, 2007 Bankr. LEXIS 3302, at *2 (B.A.P. 6th Cir. 2007).

### III.

The Bankruptcy Court found that the Appellants had not established excusable neglect, as that term is used in Rule 8002(c)(2). The Bankruptcy Court concluded:

> In Plaintiff's Motion, counsel did not dispute that he received the electronic mail notification of the entry of the Final Judgment. Thus he knew or should have known of the date that the Final Judgment was entered, and therefore the time period for filing an appeal. Plaintiff's counsel is familiar with this Court's electronic service system and receives documents regularly via that mechanism. The entry of the Final Judgment in this case is not at all unique from the other similar orders issued by this Court. Plaintiff's counsel's reliance upon the entered date of the Imaged Certificate of Service does not constitute excusable neglect, nor does counsel's misunderstanding in how to calculate the time for filing the appeal constitute excusable neglect.
>
> The Court must find that excusable neglect exists before undertaking an analysis of the additional factors set forth above which were articulated by the Supreme Court in *Pioneer, United States v. Thompson*, 82 F.3d 700, 702 (6th Cir. 1996). This Court, having found that no excusable neglect exists for Plaintiff's failure to file a timely appeal, must deny Plaintiff's Motion.

*McHugh, Inc. v. Ward (In re Ward)*, No. 09-2392, slip op. at 5–6 (Bankr. S.D. Ohio Nov. 22, 2011) (footnote omitted).

Excusable neglect has been defined by the Supreme Court in *Pioneer Investment Services Co., v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380 (1993):

4

> This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." It is this requirement that we believe will deter creditors or other parties from freely ignoring court-ordered deadlines in the hopes of winning a permissive reprieve under Rule 9006(b)(1). With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *See* 943 F.2d, at 677.

507 U.S. at 395 (footnotes omitted).

The Plaintiff contends that the Bankruptcy Court erred in concluding that excusable neglect was not established. The Bankruptcy Court found neglect, but not of the excusable variety. Further, because the neglect was not excusable, the Bankruptcy Court expressly concluded that an evaluation of the factors set for in *Pioneer Investment, supra*, was not warranted.

This Court concludes that the two conclusions reached by the Bankruptcy Court are not an abuse of discretion. The misreading of the date on which judgment was rendered constitutes neglect. The Bankruptcy Court's conclusion that the conduct was not excusable neglect was well within her discretion. The electronic filing system is not new. The filings clearly indicated the date of final judgment. To confuse a later date on which service by mail was perfected with the date of judgment is not excusable negligence, according to the Bankruptcy Court. This Court cannot say that such a conclusion is erroneous.

IV.

Based upon the foregoing, the issues raised upon appeal are found to be without merit. The decision of the Bankruptcy Judge is **AFFIRMED** and this appeal is **DISMISSED**.

**IT IS SO ORDERED.**

 9-27-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**